UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACOB FAY LUKE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14605** |
| **DOCTOR PETE NEAL/RICHARD, ET AL.** | **SECTION: "M"(3)** |

PARTIAL REPORT AND RECOMMENDATION

Jacob Fay Luke, Sr., a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983. He sued Richard "Petie" Neal, Stephen Bergeron, Sgt. Trent, Lt. Authement, Sgt. Billiot, Sgt. Dice, and Nurse Dominque. In this lawsuit, plaintiff claims that his rights were violated when he was denied a medical exemption from the use of the normal restraints while being transported and when excessive force was used against him.[1]

Defendants Neal and Nurse Dominque have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Plaintiff has opposed that motion.[3]

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is *plausible on its face*. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 17. **The remaining defendants have not joined in this motion, and the recommendations herein are inapplicable to the claims asserted against them.**
[3] Rec. Doc. 25.

(even if doubtful in fact)." Id. (emphasis added; footnote, citation, and quotation marks omitted).

On that point, the United States Supreme Court has explained:

> *A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added; citations and quotation marks omitted).

Plaintiff's claim against defendants Neal and Dominique is that they violated his constitutional rights by refusing to grant him an exemption from a purported facility policy requiring that "box" restraints[4] be used on inmates being transported. Specifically, in his complaint, plaintiff alleges:

> Richard Neal/Doctor Pete; I filed a medical form on 7/27/19 about wearing the "Box" to Court: I warned them that it hurts me to be stuck in that position for multiply hours and that *I had a "MRI" on file to show I have a pinched nerve in my shoulder See "MRI" taken at Chabert Hospital on 3/2/17* facts but, Denied by nurse "Dominique," as you can see on medical form say's there's nothing on hospital paper work about a pinched nerve in my shoulder.[5]

Plaintiff also attached to his federal complaint a copy of the Request for Medical Attention Form he submitted at the jail. On that form, he stated:

> I need to talk to Doctor Pete about wearing that box when I go to court really hurt's my Arm and hand already have damages done *have Pinched nerve got MRI to prove*

---

[4] A "box" is retraining device used in connection with handcuffs to limit mobility and prevent tampering with the restraints. See, e.g., Knox v. McGinnis, 998 F.2d 1405, 1407 (7th Cir. 1993) ("The 'black box' is a hard plastic box placed over the lock apparatus that runs between the prisoner's handcuffs. The box does not cover the hands, but is situated between them. A chain runs through the box and encircles the prisoner's waist. The chain is tightened and then locked in back so that the prisoner's hands, restrained by handcuffs and the black box, are pulled against his stomach." (footnote omitted)); Stewart v. Wexford Health Sources, Inc., Case No. 12 C 50273, 2019 WL 4279248, at *1 (N.D. Ill. Sept. 10, 2019) ("A black box restraint is a set of normal handcuffs with a black box over the link between the cuffs. Prisoners normally wear the black box with one palm facing up and the other palm facing down – the 'twisted wrist position'.").

[5] Rec. Doc. 1, p. 5 (italicized emphasis added).

2

> *a Chabert Hospital* and the way the handcuffs with the box on making pain worster asking for help are put on doctor list.[6]

The person responding to that request, who was apparently Nurse Dominique, stated: "[Inmate] was advised that while arms are in black box [inmate]'s shoulder are still in normal range of motion. [Inmate] advised while arms are in normal position it would not cause numbness. *Nothing in hospital paper work about pinched nerve in shoulder*."[7]

As an initial matter, the Court notes that forcing inmates to wear "box" restraints while being transported does not, in and of itself, violate the United States Constitution. See, e.g., Stewart v. Wexford Health Sources, Inc., Case No. 12 C 50273, 2019 WL 4279248, at *8 (N.D. Ill. Sept. 10, 2019). Plaintiff, however, contends that forcing *him* to use a "box" is unconstitutional *because he should be exempt from the general policy in order to accommodate his particular medical needs* (the purported pinched nerve). That claim implicates the protections provided in the Fourteenth Amendment, and, regarding such claims, the United States Fifth Circuit Court of Appeals has explained:

> The Fourteenth Amendment guarantees pretrial detainees a right "not to have their serious medical needs met with deliberate indifference on the part of the confining officials." Thompson v. Upshur Cty., Tex., 245 F.3d 447, 457 (5th Cir. 2001) (citing, *inter alia,* Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). To succeed on a deliberate-indifference claim, plaintiffs must show that (1) the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and (2) the official actually drew that inference. Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "Deliberate indifference is an extremely high standard to meet." Id. at 756.

Dyer v. Houston, 964 F.3d 374, 380 (5th Cir. 2020).

---

[6] Rec. Doc. 1-1, p. 1 (emphasis added).
[7] Id. (emphasis added).

3

For the purposes of this decision, the Court will accept plaintiff's premise that the foregoing right may be violated if a particular detainee has a "serious medical need" requiring an exemption to a facility's restraint policies but is nevertheless denied such an exemption due to a jail official's "deliberate indifference." However, even so, the Court finds that plaintiff's allegations are insufficient to survive the instant motion to dismiss for the following reasons.

Assuming both that (1) plaintiff in fact had a pinched nerve[8] and (2) a pinched nerve might in *some* circumstances constitute a "serious medical need,"[9] the Court still finds plaintiff's allegations fall short because they are based on the following flawed syllogism: Neal and Dominque knew the contents of the MRI report in plaintiff's jail medical file; that MRI report stated that plaintiff had a pinched nerve; therefore, Neal and Dominque knew that plaintiff had a pinched nerve. However, even *if* that syllogism's major premise (they knew the contents of the MRI report) is accepted as true, the minor premise (the MRI report showed a pinched nerve) is inaccurate – as Dominique correctly noted in her response to plaintiff's medical request, the MRI did *not* show a pinched nerve. On the contrary, the report, authored by Dr. Jessica A. Borne, stated:

> Findings:
> No comparison.
> A mild reversal of the upper and mid to lower curvature noted with a kyphotic deformity and secondary relative narrowing of the AP dimensions of the central spinal canal at C3 through C8. Alignment is anatomic otherwise. Mild desiccation of the C3-4 through C6-7 discs noted.

---

[8] Plaintiff has provided no evidence that he in facts suffers from a pinched nerve, but he is not required to do so at this stage of the proceedings. Moreover, because the defendants' motion is filed pursuant to Rule 12(b)(6), the Court must, as noted, accept plaintiff's well-pleaded factual allegations as true.

[9] "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "[I]t is unclear whether a pinched nerve would qualify as a serious medical need for the purposes of constitutional law." Luke v. Beagron, Civ. Action No. 16-13461, 2016 WL 8740486, at *7 (E.D. La. Dec. 28, 2016), adopted, 2017 WL 1407719 (E.D. La. Apr. 20, 2017); compare Purkey v. Green, 28 F. App'x 736, 743-44 (10th Cir. 2001) (pinched nerve neck injury was a serious medical need), and Lodholz v. Wisconsin Department of Corrections, No. 03-C-350, 2003 WL 23218367, at *3 (W.D. Wis. July 16, 2003) (pinched nerve that caused "agonizing pain" was a serious medical need), with Bennett v. Hunter, No. 9:02-CV-1365, 2006 WL 1174309, at *3 (N.D.N.Y. May 1, 2006) (pinched nerve in wrist was not a serious medical need).

> *No superimposed disc herniation, overt canal stenosis or foraminal compromise appreciated. The cervical cord maintains a normal contour and signal throughout. No focal marrow lesion is seen.*
>
> Impression:
> Reversal cervical curvature with a kyphotic deformity and a relative narrowing of the AP dimensions of the central canal C3 through C6 *with no superimposed disc herniation, overt canal stenosis or foraminal compromise seen*.[10]

Therefore, plaintiff's premises do not support his conclusion – namely that Neal and Dominque denied plaintiff a medical exemption from the use of the "box" restraints despite having *actual knowledge of his pinched nerve based on the MRI report*. Further, because the MRI report did not find a pinch nerve, and because plaintiff identifies no alternative basis for the defendants' alleged knowledge of the purported pinch nerve, his claim that they acted with deliberate indifference to the pinched nerve is not "plausible on its face." Simply put: "[a] defendant cannot be said to be deliberately indifferent to a medical need of which he/she was unaware." Marroquin v. Helen, No. C 12-617, 2012 WL 1748019, at *2 (N.D. Cal. May 16, 2012); accord Hewitt v. California, No. 1:09-cv-00661, 2011 WL 2078013, at *4 (E.D. Cal. May 25, 2011) ("If the Defendant was unaware of the serious medical condition, he cannot be deliberately indifferent to it.").

## RECOMMENDATION

It is therefore **RECOMMENDED** the motion to dismiss filed by Richard "Petie" Neal and Nurse Dominque, Rec. Doc. 17, be **GRANTED** and that the claims against those defendants be **DISMISSED WITH PREJUDICE**.

---

[10] Rec. Doc. 1-1, p. 2 (emphasis added). Although a court may not go outside the complaint when considering a Rule 12(b)(6) motion, "the court may consider documents attached to the complaint." Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 830 (5th Cir. 2004).

5

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __1st__ day of September, 2020.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**