UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACOB FAY LUKE, SR.                           CIVIL ACTION

VERSUS                                        NO. 19-14605

STEPHEN BERGERON, *et al.*                  SECTION M (3)

**ORDER & REASONS**

Before the Court is the objection of plaintiff Jacob Fay Luke, Sr.[1] to the report and recommendation of the magistrate judge dismissing plaintiff's remaining claims with prejudice for failure to prosecute.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons sustaining the objection and declining to adopt the report and recommendation of the magistrate judge.

This is a civil rights case brought pursuant to 42 U.S.C. § 1983. On December 11, 2019, Luke filed his complaint while he was still imprisoned in Terrebonne Parish.[3] The case proceeded in the usual course with active participation by Luke.[4] On September 24, 2020, the magistrate judge ordered the warden to make Luke available for a conference to prepare the case for trial.[5] The court was later notified that Luke had been released.[6] The magistrate judge ordered Luke to notify the court of his current address and telephone number on or before October 30, 2020.[7] Not having heard from Luke in response to this order, on December 2, 2020, the magistrate judge

---

[1] R. Doc. 42.
[2] R. Doc. 38.
[3] R. Doc. 1 at 3.
[4] *See, e.g.*, R. Docs. 2; 6; 9; 20; 21; 25.
[5] R. Doc. 33.
[6] R. Doc. 34.
[7] *Id.*

issued a report and recommendation dismissing plaintiff's remaining claims for failure to prosecute.[8]

A party has 14 days to file an objection to a magistrate judge's report and recommendation. 28 U.S.C. §636(b)(1). Therefore, Luke's objection was due on or before December 16, 2020. On December 17, 2020, seeing no objection in the record, this Court issued an order and judgment adopting the report and recommendation of the magistrate judge in all matters except dismissing Luke's remaining claims *without* prejudice.[9] Later that day, Luke's notice of change of address[10] and objection to the report and recommendation[11] were filed into the record.

On its face, the objection appears to be untimely. However, "[u]nder the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing." *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009). "Unskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access – the prison authorities – and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." *Houston v. Lack*, 487 U.S. 266, 271-72 (1988). Courts may rely on the date written on the prisoner's motion itself as the date it was handed over to prison authorities. *See, e.g.*, *Andrew v. St. Tammany Par. Sheriff*, 2017 WL 818983, at *2 n.32 (E.D. La. Mar. 2, 2017). Luke's objection was dated December 9, 2020, and mailed from prison on December 15, 2020.[12] Even

---

[8] R. Doc. 38 at 3.
[9] R. Docs. 39 & 40. The magistrate judge recommended dismissing the remaining claims *with* prejudice.
[10] R. Doc. 41.
[11] R. Doc. 42.
[12] *Id.* at 1-2.

though the objection was not filed into the record until December 17, 2020,[13] under the prison mailbox rule, the objection is timely whether by reference to the date of the objection or the postmark.

In his objection, Luke represents that he provided a notice of new address on September 29, 2020, upon his release from incarceration, presumably submitted in response to the magistrate judge's October 30, 2020 order.[14] He claims that this notice of new address was deficient because he failed to include the civil action number of his case on the document.[15] Luke says he then tried correcting the deficiency but included only a "docket number."[16] Thereafter, on the same dates he signed and mailed his objection (December 9 and 15, 2020, respectively), Luke signed and mailed another notice of new address.[17] Because Luke is proceeding *pro se*, has provided some explanation for his failure to timely update his address, and has now appeared with updated contact information, the Court, in its discretion, declines to stringently enforce the deadline otherwise providing grounds for the dismissal of his remaining claims for failure to prosecute.

Accordingly, for the foregoing reasons,

The objection of plaintiff Jacob Fay Luke, Sr. to the magistrate judge's report and recommendation (R. Doc. 42) is SUSTAINED and this Court DECLINES to adopt the report and recommendation of the magistrate judge (R. Doc. 38).

IT IS FURTHER ORDERED that the case is referred to the magistrate judge for further proceedings consistent with this opinion.

---

[13] *Id.* at 1.
[14] *Id.*
[15] *Id.*
[16] Id.
[17] R. Doc. 41.

New Orleans, Louisiana, this 21st day of December, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE